UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAR - 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Eloise Simmons, mother \*
And next friend of the minor child, \*
JS \*
and \*
 \*
JS, minor child \*
2734 Langston Place SE \*
Washington, DC 20020 \*
    Plaintiffs \*
 \* CIVIL ACTION NO.
 \*
 \*
MC Terrell Educational Center \*
District of Columbia Public School \*
 \*
Government of the \*
District of Columbia \*
441 4th Street NW \*
Washington, DC 20001 \*
 \*
And \*
 \*
Mayor Adrian Fenty \*
Office of the Secretary \*
Tabethea Braxton, designee \*
1350 Pennsylvania Avenue, NW \*
Washington, DC 20004 \*
    Defendants \*

Case: 1:08-cv-00388
Assigned To : Robertson,
Assign. Date : 3/3/2008
Description: Civil Rights-N

## COMPLAINT
(For declaratory and injunctive relief)

### JURISDICTION

1. Plaintiffs brings this complaint seeking relief for denial of rights to due process, equal protection and equal access to education, pursuant to the Civil Rights Acts of 1871, 42 U.S.C §§ 1983 and 1985; the Individual with Disability Act (IDEA), 20 U.S.C §§1400 et seq.; Title II of the American with Disability Act of 1990 (ADA) 42 U.S.C §§ 1231 et seq.; and the Rehabilitation Act (section 504), 29 U.S.C §§ 701 et seq.

1

...has jurisdiction pursuant to 28 U.S.C §§ 1331 and 1343; and pendant ...on pursuant to 5 D.C. Mun. Regs. § 3000 et seq.,

...ratory relief is authorized by 28 U.S.C §§ 2201 and 2202.

...aintiff was a student attending MC Terrell Educational Center is a public school in the District of Columbia.

5. Plaintiff is a resident of District of Columbia.
6. Defendant is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public School System (DCPS). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEA.

### FACTS

7. JS is a nine-year-old boy, special education with the classification of other health impaired.
8. After numerous meetings and hearings, DCPS place Joseph at MC Terrell
9. JS was enrolled MC Terrell Educational Center.
10. At MC Terrell JS was involved in numerous altercations with classmates and some caregivers.
11. On two separate instances, Police personnel were involved.
12. Parent requested a change in placement, but DCPS failed to hold meeting or address parents concerns.
13. Parent gave DCPS 10day notice of intent to place JS at a private school at public expense.
14. JS did not receive appropriate services since 2005/2006 school year to until November 2007 when parent unilateral place JS at a private school.
15. Plaintiff filed a due process hearing requests, the hearing officer denied the relief that parent sought and dismissed the case with prejudice.
16. Parent files this appeal to the decision of the hearing officer dated December 3, 2007.
17. Plaintiff is seeking to have DCPS fund her son' placement at Sunrise Academy and reimburse her for transportation.

### COUNT I

2

18. Plaintiffs repeat and reallege paragraphs 1 to 17
19. DCPS denied FAPE when it failed to appropriate services
20. JS was unlawfully deprived of his rights to receive an appropriate education and related services.
21. It is very unlikely that defendants would provide appropriate educational and related services unless this Honorable Court orders defendants to act
22. Plaintiffs requests that this honorable Court find that Defendants has denied Free Appropriate Public Education to JS

### COUNT II

23. Plaintiffs repeat and reallege paragraphs 1 to 22
24. DCPS denied FAPE when it failed to issue a notice of placement to an appropriate setting for the 2005/2006, 2006/2007, 2007/2008 school years.
25. JS was unlawfully deprived of his rights to receive an appropriate education and related services in an appropriate setting.
26. Plaintiff unilaterally placed Joseph in appropriate setting.
27. Plaintiffs request funding for the unilateral placement.
28. Plaintiffs request reimbursement for related services such as transportation
29. Plaintiffs requests that this honorable Court find that Defendants has denied FAPE to JS

. **WHEREFORE**, Plaintiff respectively requests this court to

1. Issue a judgment for plaintiff and against Defendants on all aforementioned counts
2. Order that DCPS fund placement at Sunrise Academy
3. Order that DCPS reimburse parent for related services expenses.
4. Order that DCPS provide compensatory education service for period of time appropriate services were not provided.
5. Award attorneys' fee and cost to Plaintiff; and
6. Grant such other and further relief as this Honorable Court deems just and proper.

Respectively Submitted,

3

Law offices of Olekanma A. Ekekwe, PC
/s/Olekanma Ekekwe
Olekanma Ekekwe, Esq.
DC Bar No. 479967
Law offices of Olekanma A. Ekekwe, PC
1001 Pennsylvania Avenue NW, Suite 160600
Washington, DC 20004
(202) 742-6694(O)
(1800) 524-2370(F)
academy@olekanmalw.com

# District of Columbia
## Office of the State Superintendent of Education
### Office of Compliance & Review
*State Enforcement and Investigation Division*
<u>***confidential***</u>

H. St. Clair, Esq., Due Process Hearing Officer
1150 Fifth Street, SE, First Floor, Washington, D.C. 20003
Facsimile: (202) 698-3825

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| JOSEPH SIMMONS, student | ) | |
| Date of Birth: April 7, 1998 | ) | **DECISION & ORDER** |
| | ) | |
| Petitioner, | ) | |
| | ) | Request Date: September 20, 2007 |
| versus | ) | Hearing Date: November 21, 2007 |
| | ) | |
| **The District of Columbia Public Schools,** | ) | Held at: Student Hearing Office, DCPS |
| Attending: SunRise Academy, | ) | 1150 Fifth Street, SE |
| | ) | First Floor - Hearing Room 7A |
| Respondent. | ) | Washington, D.C. 20003 |

**Parent:** Eloise Simmons
2734 Langston place, SE
Washington, D.C. 20020

**Counsel for the Parent/Student:** Olekanma A. Ekekwe, Esq.
1001 Pennsylvania Avenue, NW, Suite 600
Washington, D.C. 20004

**District of Columbia Public Schools:** Laura George, Esq., Attorney-Advisor
**Office of the General Counsel, DCPS**
825 North Capitol Street, NE 9th Floor
Washington, D.C. 20002

An INDEX of NAMES is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this DECISION & ORDER as a public record.

i

08 0388
FILED
MAR - 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# INDEX of NAMES for Joseph Simmons

**Hearing Date:** November 21, 2007

Appearing on behalf of the parent/student:

1. Eloise Simmons, mother *
2. Jada Jackson, cousin
3. Tameka Jackson, cousin
4. Makini Niliwaambieni, Principal SunRise **
5. Felicia Norman, educational consultant, Scruples Corporation **

Appearing on behalf of DCPS:

1. Iris Pulliam, Special Education Coordinator, M.C. Terrell Center **

\* Gave testimony.
\*\* Gave testimony via telephone.

ii

# INTRODUCTION

On September 20, 2007, Counsel for the Parent filed the herein Complaint on behalf of the Parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of inappropriateness of educational placement and, for relief, requested placement at the SunRise Academy.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 1:00 A.M., Wednesday, November 21, 2007 at the Student Hearing Office, DCPS, 1150 Fifth Street, SE - First Floor, Hearing Room 7A, Washington, D.C. 20003. The hearing convened as scheduled.

# JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004, Title 34 of the Code of Federal Regulations, Part 300, and Title V of the District of Columbia Municipal Regulations.

**ISSUES:**
1. Was the student denied a Manifestation Determination Review?

2. Was M.C. Terrell Center an inappropriate educational placement for the student?

3. Did fail to convene an IEP/Placement meeting for the student?

4. Could SunRise Academy provide educational benefit to the student?

# SUMMARY of the EVIDENCE and FINDINGS of FACT

As a preliminary matter DCPS moved for a DISMISSAL pointing out that the Parent did not attend a resolution session.

The hearing officer determined that DCPS failed to schedule the resolution session for a certain date and time in conformity with paragraph 33 of the *Blackmon/Jones Consent Decree* and DENIED the DCPS motion to DISMISS. DCPS offered dates but did not schedule a resolution session in this matter.

By facsimile dated November 13, 2007, the parent disclosed 8 witnesses and 14 documents.

By facsimile dated November 14, 2007, DCPS disclosed 1 witness and 4 documents.

The documents were placed into the record and are referenced/footnoted herein where

relevant.

Counsel for the Parent represented that, while attending Stanton Elementary School, the student had disciplinary problems; that the problems continued after the student was coded OHI full-time and placed at M.C. Terrell Center (MCTC), a placement that the Parent opposed from the beginning.

The Parent was ordered forward.

The Parent testified that she enrolled the student at MCTC at the beginning of the 2007-08 School Year but attempted to return the student to Stanton ES after a disciplinary incident at the MCTC; that Stanton ES informed her that the student could not return to Stanton ES. The Parent testified that she had received numerous telephone calls from the principal at MCTC complaining of the student's behavior but that the student had not been suspended; that on occasion, the Metropolitan Police were summoned and that a police officer told her that MCTC was not a good school for the student. The Parent described MCTC as open-space with students running about unsupervised; that security at MCTC was inadequate. The Parent testified that the student started at SunRise Academy sometime during the week of November 12, 2007.

The Principal of SunRise Academy testified via telephone to the program at the academy; the testimony is not recounted here.

The conserve administrative time, the DCPS witness was taken out of order.

The Special Education Coordinator (SEC), MCTC testified via telephone that she was familiar with the student and that MCTC was implementing the student's September 4, 2007 IEP;[1] that the student had made progress at MCTC. On cross-examination, the SEC testified that she did not recall having a conversation with the Parent. In response to questions from the hearing officer, the SEC testified that the student was in a full-time self-contained classroom with seven other students, a special education teacher and a teacher assistant.

The educational consultant from the Scruples Corporation testified via telephone; the testimony is not recounted here as the consultant had no personal knowledge of the student.

The parties rested.

Argument.

In consideration of the testimony, documents and arguments herein, the hearing officer found the following facts:

1. During the September 4, 2007 MDT/IEP/Placement meeting,[2] the student was coded OHI with 27.5 hours of services education services and was placed at the MCTC. Parent objected to the student attending M.C. Terrell Center and recommended SunRise Academy. The Parent had decided that she would only accept SunRise Academy for the student.

2. While the Parent testified of police involvement with the student's disciplinary problems at MCTC, no police record was introduced at the hearing.

2 of 3 pages

---

[1] Parent Document No 2
[2] ibid, page 4

3. There was no evidence to the effect MCTC was inappropriate for the student. The uncontroverted testimony of the SEC was that MCTC was implementing the September 4, 2007 IEP.

4. There was evidence to the effect the student was suspended from a DCPS school. The student was not denied a Manifestation Determination Review.

## DISCUSSION and CONCLUSIONS of LAW

**DCPS is required to make FAPE available to all children with disabilities within the jurisdiction of the District of Columbia.**

*IDEIA 2004* requires DCPS to fully evaluate every child suspected of having a disability within the jurisdiction of the District of Columbia, ages 3 through 21, determine eligibility for special education services and, if eligible, provide same through an appropriate IEP and Placement. In this matter DCPS met the requirement.

During the hearing, the Parent did not produce any evidence to the effect MCTC was not implementing the September 4, 2007 IEP. Moreover, the Parent could not recall critical details and dates and was not a credible witness.

**Findings were made for DCPS as to Issues 1 & 2. Issues 3 & 4 were mooted.**

In consideration of the foregoing, the hearing officer made the following

## ORDER

WITH PREJUDICE, the herein
Complaint is DISMISSED.

**This is THE FINAL ADMINISTRATIVE DECISION. Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.**

Date: December 3, 2007

H. St. Clair, Esq., Hearing Officer

Issued: 12/3/2007
Student Hearing Office, DCPS

3 of 3 pages

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Eloise Simmons
2734 Langston Place SE
Washington, DC 20020

US DISTRICT & BKY
COURTS
1100
2008 MAR -3 PM
RECEIVED

## DEFENDANTS

MC Terrell Education Center
3301 Wheeler Road SE
Washington, DC 20032

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Olekanma A. Ekekwe
Law Offices of Olekanma A. Ekekwe, PC
1001 Pennsylvania Avenue NW, Suite 600
Washington, DC 20004

Case: 1:08-cv-00388
Assigned To : Robertson, James
Assign. Date : 3/3/2008
Description: Civil Rights-Non-Employ.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ⊠ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>⊠ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
the Individual with Disability Act (IDEA), 20 U.S.C §§1400 et seq.; 42 U.S.C §§ 1983 and 1985

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ⊠

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ⊠   If yes, please complete related case form.

DATE 3/3/08      SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.