## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELOISE SIMMONS, )<br>Mother and Next Friend of J.S., )<br>a Minor, et al., )<br>　　　　　　　　　　　　　　　 )<br>　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　 )　Civil Action No. 08-0388 (JR)<br>　　　v. )<br>　　　　　　　　　　　　　　　 )<br>DISTRICT OF COLUMBIA, et al., )<br>　　　　　　　　　　　　　　　 )<br>　　　Defendants. )<br>　　　　　　　　　　　　　　　 ) |  |

### **DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF THE COMPLAINT**

Defendants, by counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby move this Court for dismissal of any claims and requests for relief herein brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983 and § 1985; Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§1231 *et seq.* ("ADA"); and the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.* ("Section 504"). As shown in the accompanying memorandum of points and authorities, the Plaintiffs have failed to state a claim upon which relief can be granted under those statutes.

Defendants also move this Court to dismiss MC Terrell Educational Center as *non suis juris*, and to dismiss Mayor Adrian Fenty because the Complaint contains no allegations of wrongdoing by this defendant. A proposed order is also attached herewith.

　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　PETER J. NICKLES
　　　　　　　　　　　　Interim Attorney General for the District of Columbia

　　　　　　　　　　　　GEORGE C. VALENTINE
　　　　　　　　　　　　Deputy Attorney General, Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH
Chief, Equity Section 2
Bar Number 012914

**/s/ Maria L. Merkowitz**
MARIA L. MERKOWITZ
Assistant Attorney General
Bar Number 312967
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 442-9842
E-mail: Maria.Merkowitz@dc.gov

April 2, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELOISE SIMMONS,<br>Mother and Next Friend of J.S.,<br>a Minor, et al.<br><br>    Plaintiffs,<br><br>    v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 08-0388 (JR)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF COMPLAINT**

**INTRODUCTION**

On March 3, 2008, Plaintiffs filed their Complaint herein, seeking reversal of an administrative Decision and Order issued December 3, 2007 ("Decision"), pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 *et seq.* ("IDEIA"). In that Decision (attached to the Complaint), a District of Columbia Public Schools ("DCPS") Hearing Officer rejected the Plaintiffs' contentions that DCPS had denied the student a free, appropriate public education ("FAPE"), and refused the Plaintiffs' demand that the student be placed at SunRise Academy, rather than at the M.C. Terrell Center, DCPS' placement location. Plaintiffs here requests that the Decision be overturned, and that the Court order, among other things, that the student be placed at SunRise Academy.

The Defendants do not dispute that this Court properly has jurisdiction under the IDEIA. However, the Complaint also asserts that this Court has jurisdiction under the

3

Civil Rights Act, 42 U.S.C. § 1983 and § 1985; Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§1231 et seq ("ADA"); and the Rehabilitation Act, 29 U.S.C. §§ 701 et seq ("Section 504").  As shown below, however, the Complaint alleges no facts demonstrating a violation of any of those statutes, and must be dismissed in those respects. Additionally, MC Terrell Educational Center, a DCPS school, is *non sui juris*, and must be dismissed, as must Mayor Adrian Fenty, against whom no allegations of wrongdoing are presented in the Complaint.

## ARGUMENT

**I.      Standard of Review for Dismissal of Claims Pursuant to SCR-Civil 12(b)(6)**

In reviewing the sufficiency of claims pursuant to Fed. R. Civ. P. 12(b)(6), a court may grant a motion to dismiss when it appears beyond doubt that under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief.  *Conley v. Gibson*, 355 U.S. 41, 45 (1957); *Haynesworth v. Miller*, 261 U.S. App. D.C. 66, 820 F.2d 1245, 1254 (D.C. Cir. 1987).  The movant is therefore entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery.  *Fingerhut v. Children's Nat. Med. Center*, 738 A.2d 799, 803 (D.C. 1999); *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

Although Plaintiffs enjoy the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint, bare conclusions of law or sweeping and unwarranted averments of fact will not be deemed admitted for purposes of a motion under Rule 12(b)(6).  *Id.*  The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint. *Kowal v. MCI*

*Communications Corp.*, 305 U.S. App. D.C. 60, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

"Nor must the court accept legal conclusions cast in the form of factual allegations" *Id.*

Plaintiffs bears the burden of establishing subject matter jurisdiction; the plaintiffs must overcome the presumption that the court lacks jurisdiction. *Whitmore v. Arkansas,* 495 U.S. 149, 154-55 (1990); *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

**II.    To the extent the Complaint asserts rights under § 1983, the Plaintiff has failed to state a claim for which relief can be granted**.

The Plaintiffs' assertion of jurisdiction under 42 U.S.C. § 1983, and Plaintiffs' seeming claims for relief under that statute, are plainly in error. Section 1983 states:

> Every person, who under color of a statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proceedings for redress.

In any Section 1983 action against a municipality such as the District of Columbia, the burden is on the plaintiff to establish that the municipality has a custom or practice that caused the alleged constitutional or statutory violation. See e.g., *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 694 (1978); *Daskalea v. District of Columbia*, 227 F.3d 433, 441 (D.C. Cir. 2000).

As a threshold matter, Section 1983 cannot apply here because the Complaint is facially deficient to state a claim under Section 1983. In a 2001 decision, this Court adopted a four part test setting forth the applicable standards for a finding of liability under Section 1983 based on an IDEA violation:

5

> (1) plaintiffs must prove by a preponderance of the evidence that DCPS violated one or more specific provisions of the IDEA; (2) plaintiffs must prove that exceptional circumstances exist, such that the conduct of DCPS that caused the IDEA violations was persistently egregious and prevented or frustrated [plaintiffs] from securing equitable relief under the IDEA; (3)…plaintiffs [must] establish that the District of Columbia has a custom or practice that is the moving force behind the IDEA violations; (4) plaintiffs must show why the normal remedies offered under the IDEA, and specifically compensatory education, are inadequate to compensate for the harm…suffered.

*Walker v. District of Columbia*, 157 F. Supp. 2d 11, 30 (D.D.C. 2001) (citations omitted). See also *Jackson v. District of Columbia*, Civ. No. 02-0968 (D.D.C., September 21, 2003); *R.S. v. District of Columbia*, 292 F. Supp. 2d 23 (D.D.C. 2003); *Hinson v. Merritt Educational Ctr.*, 521 F. Supp. 2d 22, 28 (D.D.C. 2007); *Hunter v. District of Columbia*, Civ. No. 07-695 (D.D.C. February 13, 2008); *Robinson v. District of Columbia*, Civ. No. 07-1266 (D.D.C. February 26, 2008). The Plaintiffs' Complaint contains no allegations of any "exceptional circumstances," or of any District of Columbia "custom or practice" behind any of the alleged IDEIA violations, or any reason why the "normal remedies" under the IDEIA would be inadequate.

In a 2003 decision, Judge Sullivan, while observing that "the threshold to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is quite low," nonetheless dismissed any claims under Section 1983 in the absence of complaint allegations relating to three of the four elements of a violation of the statute. *Jackson v. District of Columbia*, *supra*, slip op. at 10. Among other things, the Court observed that "[n]othing in plaintiff's Complaint, other than the invocation of Section 1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the District of Columbia." *Id.* See also *Lavon Savoy-Kelly v. Eastern High School,* Civ. No. 04-1751 (D.D.C., April 14, 2006) (slip op. at 10).

Other than a bald assertion of § 1983 as a basis for the Court's jurisdiction, there are no allegations in the Complaint with respect to any of the elements of a Section 1983 violation. Accordingly, any claims based on Section 1983 must be dismissed.

### III.   42 U.S.C. § 1985 is inapplicable to the District of Columbia

42 U.S.C. §1985 sets forth a number of provisions delineating how an individual could be found liable for conspiracy to interfere with the civil rights of another. In the first instance, the Complaint sets forth no allegations of conspiracy; not even the word "conspiracy" is mentioned. Secondly, the District of Columbia cannot be liable for a violation of § 1985 because, as a matter of law, a municipality acting in its sovereign governmental capacity cannot be a conspirator. *Agnew v. City of Compton,* 239 F.2d 226, 233 (9th Cir. 1956), *cert denied,* 353 U.S. 959 (1957).

### IV.   Plaintiffs do not have a claim under either Section 504 of the Rehabilitation Act or under the Americans with Disabilities Act.

Complaints arising under IDEIA that also assert jurisdiction based upon the Rehabilitation Act should be summarily dismissed as a matter of law. First, that statute — intended to bar employment discrimination against handicapped individuals under federally financed programs, e.g., *Consolidate Rail Corp. v. Darrone*, 465 U.S. 624, 626 (1984) — is wholly irrelevant here. The Complaint does not assert that any discriminatory employment claims are involved in this action. To the extent the Complaint may be limited to administrative activities relating to "a free appropriate education" under IDEIA, the Supreme Court long ago made clear that IDEIA supplanted any rights and remedies in that regard which may earlier have been found in the Rehabilitation Act. Speaking of the Education of the Handicapped Act ("EHA"), which is the precursor of the IDEIA, the Court stated:

7

> [T]here is no doubt that the remedies, rights and procedures
> Congress set out in the EHA are the ones it intended to apply
> to a handicapped child's claim to a free appropriate public
> education.  We are satisfied that Congress did not intend a
> handicapped child to be able to circumvent the requirements
> or supplement the remedies of the EHA by resort to the
> general antidiscrimination provision of [29 U.S.C. §794].

*Smith v. Robinson*, 468 U.S. 992, 1019 (1974).

Even if Section 504 were deemed relevant, to state a claim under that statute, a plaintiff must show that the student was discriminated against "solely by reason of his handicap." 29 U.S.C. § 794.  *See also Lavon Savoy-Kelly v. Eastern High School,* Civ. No. 04-1751 (D.D.C., April 14, 2006,) slip op. at 9 (citing *R.S. v. District of Columbia*, 292 F. Supp. 2d 23, 28 (D.D.C. 2003)).  To show such a violation of the Rehabilitation Act in the context of IDEA, a plaintiff must demonstrate "something more than a mere failure to provide the "free and appropriate education" required by IDEIA.  *Lunceford v. District of Columbia Board of Ed.*, 745 F. 2d 1577, 1580 (D.C. Cir. 1984) (quoting *Monahan v. Nebraska*, 687 F.2d at 1170-71 (8th Cir. 1982)).  Hence, the plaintiff must show "[e]ither bad faith or gross misjudgment…before a Section 504 violation can be made out…" *Monahan*, 687 F. 2d at 1170-71 (liability will not be imposed as long as the "state officials have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals"); *Hinson v. Merritt Educational Ctr.*, 521 F. Supp. 2d 22, 28 (D.D.C. 2007); *Hunter v. District of Columbia*, Civ. No. 07-695 (D.D.C. February 13, 2008); *Robinson v. District of Columbia*, Civ. No. 07-1266 (D.D.C. February 26, 2008).

Here, Plaintiffs' Complaint makes no mention of either bad faith or gross misjudgment — the standard for a claim under Section 504.  However, even if Section 504

were deemed applicable, Plaintiffs' Complaint fails properly to allege a claim as it lacks factual allegations essential to a cause of action under this statute.  Accordingly, the Plaintiffs' failure to allege any facts or make any arguments whatsoever as to their Rehabilitation Act claim must result in its dismissal.  See, *Lavon Savoy-Kelly v. Eastern High School, supra*, slip op. at 10.

The Americans with Disabilities Act ("ADA") also pertains to discrimination in employment.  The ADA prohibits covered employers from discriminating against "a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).

In order to make out a prima facie case under the ADA, a plaintiff must show "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [defendants] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position sought; and (4) that the [defendants] refused to make such accommodations."  *Mitchell v. Washingtonville Cent. Sch. Dist.,* 190 F.3d 1, 5 (2d Cir. 1999) (citing *Stone v. City of Mount Vernon,* 118 F.3d 92, 96-97 (2d Cir. 1997), *cert. denied,* 552 U.S. 1112 (1998)).  This is not a case concerning employment discrimination, nor is there any mention of such in the Complaint, with the exception to the reference to the ADA.

9

**V.  MC Terrell Educational Center is Non Sui Juris and must be dismissed.**

In addition to the Government of the District of Columbia, Plaintiffs also name the MC Terrell Educational Center as a defendant in the case caption.  However, MC Terrell Educational Center, a District of Columbia public school, is *non sui juris*.

It is well-established that a governmental entity, or one of its parts, may neither sue nor be sued in the absence of a statutory provision to that effect.  *Blackmar v. Guerre*, 342 U.S. 512 (1952); *Trifax Corp. v. District of Columbia,* 53 F. Supp.2d 20, 26 (D.D.C. 1999); *Braxton v. National Capital Housing Authority*, 396 A.2d 215, 216-217 (D.C. 1978).  As the *Braxton* court held, "A non corporate department or other body within a municipal corporation is not *sui juris*.  Cases in this jurisdiction have consistently found that bodies within the District of Columbia government are not suable as separate entities."  *Braxton,* 396 A.2d at 216 (internal citations omitted); *see also Simmons v. D.C. Armory Bd.,* 656 A.2d 1155, 1156-57 (D.C. 1995); *Group Health Association v. D.C. General Hospital,* 540 A.2d 1101 (D.C. 1988); *Ray v. District of Columbia*, 535 A.2d 868, 870 n.2 (D.C. 1987); *Miller v. Spencer*, 330 A.2d 250, 251 n.1 (D.C. 1974); *Dunmore v. District of Columbia*, 662 A.2d 1356 (D.C. 1995); *Roberson v. District of Columbia Bd. of Higher Education*, 359 A.2d 28 (D.C. 1976).  See also *Hinson v. Merritt Educational Ctr.*, 521 F. Supp. 2d 22, 33, 34 (D.D.C. 2007).

Since there is no legislation endowing the MC Terrell Educational Center a District of Columbia public school, with the capacity to sue or be sued, it is not a proper party to this suit.

**V.       Mayor Adrian Fenty should be dismissed as a defendant.**

While plaintiffs name Mayor Adrian Fenty as a defendant in the case caption, there are no allegations of wrongdoing on his part in the body of the Complaint. (See Complaint, generally). Accordingly the Mayor must be dismissed as a defendant. See *Hinson v. Merritt Educational Ctr.*, 521 F. Supp. 2d 22, 33, 34 (D.D.C. 2007).

**CONCLUSION**

The Plaintiffs' claims seeking relief pursuant to the Civil Rights Act, 42 U.S.C. § 1983 and § 1985; Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§1231 *et seq.* ("ADA"); and the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.* ("Section 504") must be dismissed because Plaintiffs have failed to make allegations sufficient to establish a prima facie case. Mayor Fenty must be dismissed as a defendant because the Complaint contains no allegations of wrongdoing on his part, and defendant MC Terrell Educational Center must be dismissed as *non sui juris.*

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH
Chief, Equity Section 2
Bar Number 012914

>  **/s/ Maria L. Merkowitz**
>  MARIA L. MERKOWITZ
>  Assistant Attorney General
>  Bar Number 312967
>  441 Fourth Street, N.W., Sixth Floor South
>  Washington, D.C. 20001
>  (202) 442-9842
>  E-mail: Maria.Merkowitz@dc.gov

April 2, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELOISE SIMMONS,<br>Mother and Next Friend of J.S.,<br>a Minor, et al.,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 08-0388 (JR)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Upon consideration of the Defendants' April 2, 2008, Motion for Partial Dismissal of the Complaint, any oppositions and replies, and the record herein, it is, this \_\_\_\_\_ day of _____, 2008,

**ORDERED**, that the Defendants' motion is granted; and it is

**FURTHER ORDERED**, that any claims in the complaint herein brought pursuant to 42 U.S.C. §§ 1983 and 1985, 29 U.S.C. §§ 701 et seq., or 42 U.S.C. §§ 1231 et seq., are dismissed with prejudice; and it is

**FURTHER ORDERED**, that Mayor Adrian Fenty and MC Terrell Educational Center are dismissed as defendants.

_____

UNITED STATES DISTRICT JUDGE