## IN THE U.S. DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ELOISE SIMMONS,                        )
Mother and Next Friend of J.S.,        )
a Minor, et al.,                       )
     Plaintiff,                        )
                                  )    Civil Action No. 08-0388 (JR)
     v.                                )
                                    )    Judge: Hon. James Robertson-
DISTRICT OF COLUMBIA, et al.,          )
                                    )
     Defendants.                       )

## MOTION FOR SUMMARY JUDGMENT

        Plaintiffs, through Counsel, respectfully move this Honorable Court to grant a Summary Judgment in favor of Plaintiffs. Plaintiffs present that Defendants failed to provide free appropriate public education that is uniquely tailored to meet Plaintiff's individual needs. And that Defendant failed to provide appropriate placement for JS. Defendants' failure to provide free appropriate public education to JS caused Plaintiff JS to suffer irreparable harm for which compensatory education award is an appropriate remedy. Defendant's failure to provide free appropriate public education caused plaintiff to hire an attorney to assist in persuading Defendants' to perform as the law requires them; this caused Plaintiffs to incur attorney's fees.

        A memorandum of points and authorities and proposed order is attached.

        Wherefore, Plaintiffs pray the Honorable Court to grant this payer for Summary Judgment in favor of Plaintiffs.


                                       Respectfully submitted,
                                       Law Offices of Olekanma A. Ekekwe, PC

                                        /s/   Olekanma A. Ekekwe_____

Olekanma A. Ekekwe Bar # 479967
1001 Pennsylvania Avenue NW
Suite 600
Washington DC 20004
202 742-6694 (ph)
1 800 524-2370 (fax)

## CERTIFICATE OF SERVICE

I certify that a copy of the forgoing motion for summary judgment, memorandum of points and authorities and proposed order was served on August 11, 2008 to defendants electronically through court's electronic service to:

Julianne T. Demarco, Esq.
Attorney for Defendants
Office of the Attorney General for the District of Columbia
441 4th St., NW Washington, DC 20001
Juliane.Demarco@dc.gov

        /s/    Olekanma A. Ekekwe
        Olekanma A. Ekekwe Bar # 479967

**IN THE U.S. DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ELOISE SIMMONS, | ) | |
| Mother and Next Friend of J.S., | ) | |
| a Minor, et al., | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No. 08-0388 (JR) |
|     v. | ) | |
| | ) | Judge: Hon. James Robertson- |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT**

Pursuant to LCvR 56.1, Plaintiffs, through Counsel, respectfully move this

Honorable Court to grant a Summary Judgment in favor of Plaintiffs. Plaintiffs present

that Defendants failed to provide free appropriate public education that is uniquely

tailored to meet Plaintiff, JS's individual educational and related services needs.

Defendants' failure to provide free appropriate public education to JS caused Plaintiff, JS

to suffer irreparable harm for which compensatory education award is an appropriate

remedy.

**STATEMENT OF RELEVANT FACT**

As part of the presentation of undisputed facts a reference to the

administrative record will be referred to as "R" and reference to the hearing transcript

will be referred to at "HT".

JS is a nine year old child residing in District of Columbia with his mother and

other family member. JS was diagnosed with ADHD, congenital heart rate problem,

and disruptive behavior disorder (R at 50, 54, 58, 62, 67-83).

On March 26, 2007, DCPS convened a multidisciplinary team meeting and determined that JS should be in a part-time special education program with 11.5 hours of specialized services and related services, including 10 hours of specialized instruction, 1.50 hours socio-emotional services. JS had deficit in reading and writing, Dr. Ballard recommended that JS needs to receive instruction in sight reading and writing. (R at 47, 85).

On September 4, 2007, DCPS convened a multidisciplinary team meeting and determined that JS. should be in a full-time special education program with 27 ½ hours of specialized services and related services, including 26 hours of specialized instruction, 1.50 hours socio-emotional services., DCPS developed an IEP without an updated educational assessment As part of the IEP, DCPS informed Ms. Simmons that JS will be placed at MC Terrell., Ms. Simmons disagreed with DCPS placement suggestion, ((R at 18, 19, 20, 23; HT 38).

At an IEP meeting on September 4, 2007, representative from Sunrise Academy participated in IEP and described the program but no one from MC Terrell was there to describe the program to Ms. Simmons or the multi-disciplinary team. Ms. Simmons visited MC Terrell School and learned that MC Terrell is an open space school. (R at 25, 111; HT 25).

JS is a special education student who experienced severe behavior and academic difficulties while at Stanton Elementary School and MC Terrell. While at Stanton Elementary School and MC Terrell JS had daily behavior problem including hitting other students and verbally abusing teachers and getting in altercation with teachers and

some of the incident involved police intervention (R at 5, 14, 16, 41,47, 50, 54, 58, 62, 67, 72; HT at 43 to 45).

JS is a student with significant behavioral problems that impact his overall ability to function and cope on a consistent basis. Clinical evaluator reported that JS needs direct socio-emotional therapy, individual and family therapy, group counseling and continued psychiatric treatment. DCPS did not provide social emotional services to JS for periods of times. JS' behavior escalates when JS is in the same school with other relatives. (R at 19, 50, 68, 72, HT at

While JS was at Stanton Elementary School, JS was suspended every other week; and at MC Terrell, JS was sent home several times and Ms. Simmons was called by the principal at MC Terrell to come and get JS. The brief period that JS was at MC Terrell Educational Center, he was involved in altercations with students and the psychologist and in several incidents there were police intervention. Principal of MC Terrell called the police on two occasions after a service provider claimed she was afraid of JS and she feared for her life. (R. at HT at 38, 45, 46).

Ms. Simmons removed her child from MC Terrell and returned JS back to Stanton Elementary School; Stanton elementary School refused to allow JS to attend the Stanton Elementary School. Ms. Simmons notified DCPS that she intends to place her child at Sunrise academy and after not getting any response from DCPS, Ms. Simmons placed her child at Sunrise Academy. At Sunrise Academy, JS did not receive any suspensions and JS began to thrive academically and socially. (HT at

On September 20, 2007, Ms. Simmons filed a due process hearing request seeking funding for her unilateral placement of child at Sunrise Academy. Due process hearing

was held on November 21, 2007. The hearing officer concluded that there is no

evidence that MC Terrell was inappropriate for the student. Ms. Simmons disagrees

with the ruling of the hearing officer and she filed an appeal to this Court seeking the

Court to reverse the hearing officer's determination. (R at 2, 6, 119).

## ARGUMENT

### A. The Standards of Review Applicable in This Case
### 1. The requirements for summary judgment

Under Rule 56 of the Federal Rules of Civil Procedure, a party is entitled to

summary judgment if no genuine issue of material fact exists and the moving party is

entitled to judgment as a matter of law.  Material facts are those "that might affect the

outcome of the suit under the governing law." Farmland Industries, Inc. v. Grain Board of

Iraq, 248 U.S. App. D.C. 276, 904 F. 2d 732, 735 (1990) (citing Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986))

A party is entitled to summary judgment if "there is no genuine issue of material

fact and the moving party is entitled to judgment as a matter of law." Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986). Although a court should draw all reasonable inferences

from the records submitted by the nonmoving party, the mere existence of a

factual dispute, by itself, is insufficient to bar summary judgment. *Anderson v. Liberty

Lobby, Inc.,* 477 U.S. 242, 248 (1986).

To be genuine, the issue must be supported by evidence sufficiently admissible

that a reasonable trier of fact could find for the nonmoving party; to be material, the

factual assertion must be capable of affecting the substantive outcome of the litigation.

*Id.*

In this case there is no dispute that JS is a child with disabilities. There is no dispute that JS was diagnosed with ADHD and disruptive behavior (R at 58 -83). There is no dispute that there is no dispute that JS is a student with significant behavioral problems that impact his overall ability to function and cope on a consistent basis. (R at 4, 53). Additionally, there is no dispute that JS's behavioral problems are escalated when he is in school environment with other family members. (R at 53). Furthermore, there is no dispute that JS requires a smaller structure environment to accommodate his disability. (R at 118). And that MC Terrell an open space school. (R at 19-20,188). It is undisputed that JS experienced academic and behavioral difficulties at MC Terrell. (HT at 49)It is undisputed that Sunrise academy is private special education school for boys between the ages of 7 and 22. (HT at 68). It is undisputed that Sunrise academy has a teacher, a teacher's assistant and a behavior staff for the student. (HT at 69). It is undisputed that JS has not had any major behavioral difficulties at Sunrise Academy (HT at 50).

**Wherefore,** Plaintiffs request that this Honorable Court grant this motion for summary judgment against Defendants

## II. Review of administrative decisions under the IDEIA

In cases such as this, the IDEIA dictates that "the court [a] shall receive the records of the administrative proceedings; [b] shall hear additional evidence at the request of a party; and [c] basing its decision on the preponderance of the evidence, shall grant such relief as the court determines appropriate." 20 U.S.C. §1415(i) (2) (B).

The IDEIA provides for judicial review in state or federal court for "[a]ny party aggrieved by the findings and decision" rendered in a due process hearing. 20 U.S.C.

§1415(i) (2) (A).

In this case, on September 20, 2007, Ms. Simmons filed a due process hearing request seeking funding for her unilateral placement of child at Sunrise Academy. Due process hearing was held on November 21, 2007. The hearing officer concluded that there is no evidence that MC Terrell was inappropriate for the student. Ms. Simmons disagrees with the ruling of the hearing officer. Ms. Simmons is aggrieved by the hearing officer's decision and she filed an appeal to this Court seeking the Court to reverse the hearing officer's determination. (R at 2, 6, 119).

A summary judgment in JS's favor would be appropriate in this instance. the hearing officer dismissed Ms. Simmons claim with prejudice.


**III.    SUMMARY JUDGMENT  SHOULD BE GRANTED IN FAVOR OF PLAINTIFF BECAUSE DEFENDANTS DENIED PLAINTIFFS FREE APPROPRIATE PUBLIC EDUCATION WHEN DEFENDANTS DID NOT PROVIDE APPROPRIATE SERVICES TO PLAINTIFF, JS**

20 U.S.C.S § 1400(d)(1)(A), provides that "the  purpose of the title is to ensure that all children with  disabilities have available to them free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment and independent

Defendant violated the provision of 20 U.S.C.S § 1400(d) because defendant failed to provide services that is tailored to meet JS's unique needs.

JS was diagnosed with ADHD, congenital heart rate problem, and disruptive behavior disorder (R at 50, 54, 58, 62, 67-83).  JS is a student with significant behavioral problems that impact his overall ability to function and cope on a consistent basis. JS's behavioral problems include, to name a few, JS talks to self out loud,

difficulties with direction, bothering other students roaming the classroom and physically attacking other students. (R at 72, 99). On February 21, 2007 a hearing officer found that DCPS failed to provide free appropriate public education to JS and ordered DCPS to convene MDT/IEP within 15 days of the issuance of the hearing officer's decision. (R at 52).On March 26, 2007, 45 days after the issuance of the February 21, 2007 decision, DCPS convened MDT/IEP meeting and offered JS 10 hours of specialized instruction for 10weeks. (R at 75, 85). Clinical evaluator reported that JS needs direct socio-emotional therapy, individual and family therapy, group counseling and continued psychiatric treatment. DCPS did not provide social emotional services to JS for periods of times.  JS' behavior escalates when JS is in the same school with other relatives. (R at 19, 50, 68, 72, HT at). Hence, DCPS did not provide appropriate services to JS.

20 U.S.C.S § 1414(d) (II) (aa), provides that the Individual Educational Plan should include academic and functional goals designed to "meet the child's needs that results from the child's disabilities……"

JS is a special education student who experienced severe behavior and academic difficulties while at Stanton Elementary School and MC Terrell. While at Stanton Elementary School and MC Terrell JS had daily behavior problem including hitting other students and verbally abusing teachers and getting in altercation with teachers and some of the incident involved police intervention (R at 5, 14, 16, 41,47, 50, 54, 58, 62, 67, 72, 99; HT at 43 to 45). When JS would experience behavior difficulties, Defendant would call Ms. Simmons to come and get JS. Defendant did not develop a plan with appropriate strategies to target JS behavior malfeasance. (R at 75, 80, 81,).

The key element of the IDEA is the development of an IEP for each handicapped child, which includes "a comprehensive statement of the educational needs of a handicapped child and the specially designed instruction and related services to be employed to meet those needs." **Burlington, 471 U.S. at 368.** The IEP is collaboratively developed by the parents of the child, educators, and other specialists. **20 U.S.C. § 1414(d)(1)(B)**; **Honig v. Doe, 484 U.S. 305, 311, 108 S. Ct. 592, 98 L. Ed. 2d 686 (1988)**. "In developing a particular child's IEP, a [Committee on Special Education] is required to consider four factors: (1) academic achievement and learning characteristics, (2) social development, (3) physical development, and (4) managerial or behavioral needs." **Walczak, 142 F.3d 119 at 123**(1998) (citing **N.Y. Comp. Codes R. & Regs. tit. 8 § 200.1(kk) (2) (i) (1997)**).

**Wherefore**, Plaintiff prays the Honorable Court to grant this motion for summary judgment and find that Defendants failed to provide free appropriate public education to JS.

**IV.    SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF PLAINTIFF BECAUSE DEFENDANTS DENIED PLAINTIFFS FREE APPROPRIATE PUBLIC EDUCATION WHEN DEFENDANTS DID NOT PROVIDE APPROPRIATE PLACEMENT TO PLAINTIFF, JS**

If a state fails in its obligation to provide a free appropriate public education to a handicapped child, the parents may enroll the child in a private school and seek retroactive reimbursement for the cost of the private school from the state. **Burlington, 471 U.S. at 370**; **M.S. v. Yonkers Bd. of Educ., 231 F.3d 96, 102 (2d Cir. 2000).**

In this case, Defendant suspended Js from school every other week. When JS is not suspended, Defendant would call Ms. Simmons to come and get JS from the school. Defendant developed IEP for JS without current educational evaluation. The IEP

developed by Defendant did not provide a setting that would provide service that is tailored to meet JS unique need. JS' behavior escalates when JS is in the same school with other relatives. (R at 19, HT at). Clinical evaluator reported that JS needs direct socio-emotional therapy, individual and family therapy, group counseling and continued psychiatric treatment. (R at 68). JS' behavior escalates when JS is in the same school with other relatives. (R at 19, HT at ).JS had deficit in reading and writing, Dr. Ballard recommended that JS needs instruction in sight reading and writing. (R at 47).   DCPS informed Ms. Simmons that JS would be placed at another neighborhood school, MC Terrell. (R at 19).      Ms. Simmons disagreed with DCPS placement, (HT at 38) At an IEP meeting on September 4, 2007, representative from Sunrise Academy participated in IEP and described the program but no one from MC Terrell was there to describe the program to Ms. Simmons or the multi-disciplinary team. (R at 111, HT at 38). Ms. Simmons visited MC Terrell School and learned that MC Terrell is an open space school. (R at 93, HT at 25).

Defendant placement of JS in a school where his unique needs are not meet is a denial of free appropriate public education. Because defendant failed in its obligation to provide a free appropriate public education to a JS, Ms. Simmons may enroll JS in a private school at public expense. Summary judgment is appropriate in this instance.

In determining whether parents are entitled to reimbursement, the Supreme Court has established a two pronged test: (1) was the IEP proposed by the school district inappropriate; (2) was the private placement appropriate to the child's needs. See **Burlington, 471 U.S. at 370**; see also **Florence County Sch. Dist. Four v. Carter ex rel. Carter, 510 U.S. 7, 12-13, 114 S. Ct. 361, 126 L. Ed. 2d 284 (1993)**. Moreover, because the authority to grant reimbursement is discretionary, "equitable considerations [relating to the reasonableness of the action taken by the parents] are relevant in fashioning relief." **Burlington, 471 U.S. at 374**; **M.C. ex rel. Mrs. C. v. Voluntown Bd. of Educ., 226 F.3d 60, 68 (2d Cir. 2000)**; **20 U.S.C. § 1412(a)(10)(C)(iii)(III)**. Wherefore, Plaintiff prays the Court to grant his motion for summary judgment.

## V.    CONCLUSION

Defendant violated the provision of 20 U.S.C.S § 1400(d) because defendant failed to provide services that is tailored to meet JS's unique needs. Additionally, Defendant provided placement that resulted in total failure. Defendant failed to provide free appropriate public education.

WHEREFORE, Plaintiffs pray the Honorable Court to grant Plaintiffs' Motion for Summary Judgment and find that Defendants failed to provide free appropriate public education.

Plaintiffs pray the Court should Order DCPS to fund JS placement at Sunrise Academy.

Plaintiffs pray the Court should award compensatory education for two years.

Plaintiffs pray the Court to issue an Order awarding Court cost, attorneys' fees and cost to Plaintiffs.

Plaintiffs pray the Court to Grant such other and further relief, as this Honorable Court deems proper in the interest of justice.

Respectfully submitted,
Law Offices of Olekanma A. Ekekwe, PC


   /s/    Olekanma A. Ekekwe
Olekanma A. Ekekwe Bar # 479967
1001 Pennsylvania Avenue NW
Suite 600
Washington DC 20004
202 742-6694 (ph)
1 800 524-2370 (fax)

**IN THE U.S. DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ELOISE SIMMONS, | ) | |
| Mother and Next Friend of J.S., | ) | |
| a Minor, et al., | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No. 08-0388 (JR) |
|     v. | ) | |
| | ) | Judge: Hon. James Robertson- |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS**
**TO WHICH THERE IS NO GENUINE ISSUE AND RESPONSE**

As part of the presentation of undisputed facts a reference to the administrative record will be referred to as "R" and reference to the hearing transcript will be referred to at "HT".

1.    JS is a special education student who experienced severe behavior and academic difficulties while at Stanton Elementary School and MC Terrell. (R at 5, 14, 16, 41, 47).

2.    While at Stanton Elementary School and MC Terrell JS had daily behavior problem including hitting other students and verbally abusing teachers and getting in altercation with teachers and some of the incident involved police intervention (R at 5, 14, 16, 41,50, 54, 58, 62, 67, 72, HT at 43 to 45).

3.    JS was diagnosed with ADHD, congenital heart rate problem, and disruptive behavior disorder (R at 50, 54, 58, 62, 67-83).

4.    JS is a student with significant behavioral problems that impact his overall ability to function and cope on a consistent basis. (R at 50, 72).

5.  Clinical evaluator reported that JS needs direct socio-emotional therapy, individual and family therapy, group counseling and continued psychiatric treatment. (R at 68).

6.  DCPS did not provide social emotional services to JS for periods of times. (R at ).

7.  JS' behavior escalates when JS is in the same school with other relatives. (R at 19, HT at

8.  JS had deficit in reading and writing, Dr. Ballard recommended that JS needs instruction in sight reading and writing. (R at 47).

9.  DCPS informed Ms. Simmons that JS would be placed at another neighborhood school, MC Terrell. (R at ).

10.  Ms. Simmons disagreed with DCPS placement, ( HT 38)

11.  At an IEP meeting on September 4, 2007, representative from Sunrise Academy participated in IEP and described the program but no one from MC Terrell was there to describe the program to Ms. Simmons or the multi-disciplinary team. (R at 111, HT at 38).

12.  Ms. Simmons visited MC Terrell School and learned that MC Terrell is an open space school. (R at 25, 93, HT at 25).

13.  While JS was at Stanton Elementary School, JS was suspended every other week; and at MC Terrell, JS was sent home several times and Ms. Simmons was called by the principal at MC Terrell to  come and get JS  (R. HT at 46 ).

14.  The brief period that JS was at MC Terrell Educational Center, he was involved in altercations with students and the psychologist and in several incidents there were police intervention. Principal of MC Terrell called the police on two occasions after a service provider claimed she was afraid of JS and she feared for her life. (R. at HT at 38, 45).

15.  Ms. Simmons removed her child from MC Terrell and returned JS back to Stanton Elementary School; Stanton elementary School refused to allow JS to attend the School R at ).

16.     Ms. Simmons notified DCPS that she intends to place her child at Sunrise academy and after not getting any response from DCPS, Ms. Simmons placed her child at Sunrise academy. (R at ).

17.     At Sunrise Academy, JS did not receive any suspensions and JS began to thrive. (HT at

18.     JS was hospitalized for 7 days for clinical care (r at 78).

19.     DCPS removed JS from special education curriculum and placed him in general education. (R at 79).

20     On February 21, 2007 a hearing officer found that DCPS failed to provide free appropriate public education to JS and ordered DCPS to convene MDT/IEP within 15 days of the issuance of the hearing officer's decision. (R at 52).

21.     On March 26, 2007, 45 days after the issuance of the February 21, 2007 decision, DCPS convened MDT/IEP meeting and offered JS 10 hours of specialized instruction for 10weeks. (R at 75, 85).

22.     JS behavioral problems include talking to self out loud, bothering other students, roaming the classroom, physically attacking other students. ( R at 72).

23.     Ms. Simmons frequently received phone calls from Stanton and MC Terrell regarding JS misbehavior. (R at 73).

24.     Sunrise Academy is a private special education school for boys between the ages of 7 and 22. (R at 68).

25.     Each class at Sunrise Academy has a teacher, a teacher assistant and behavior staff. (R at 69).

26.     On September 20, 2007, Ms. Simmons filed a due process hearing request seeking funding for her unilateral placement of child at Sunrise Academy. (R at 2 ).

27.     Due process hearing was held on November 21, 2007. (R. at 2, 119).

28.     The hearing officer concluded that there is no evidence that MC Terrell was inappropriate for the student. (R at 6)

29.     Ms. Simmons disagrees with the ruling of the hearing officer and she filed an appeal to this Court seeking the Court to reverse the hearing officer's determination.

Respectfully submitted,
Law offices of Olekanma A. Ekekwe, PC

__/s/Olekanma Ekekwe_____

Olekanma Ekekwe, Esq.
DC Bar No. 479967
Law offices of Olekanma A. Ekekwe, PC
1001 Pennsylvania Avenue NW, Suite 160600
Washington, DC 20004
(202) 742-6694(O)
(1800) 524-2370(F)
 academy@olekanmalw.com

.

**IN THE U.S. DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ELOISE SIMMONS,** | ) | |
| **Mother and Next Friend of J.S.,** | ) | |
| **a Minor, et al.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 08-0388 (JR)** |
| **v.** | ) | |
| | ) | **Judge: Hon. James Robertson-** |
| **DISTRICT OF COLUMBIA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

UPON consideration of Plaintiffs' Motion for Summary Judgment and opposition thereto, it is hereby **ORDERED** that

Plaintiffs' motion for Summary Judgment is **GRANTED**.

It is **FURTHER ORDERED** that DCPS fund placement at Sunrise Academy for JS.

**FURTHER ORDERED,** That Plaintiff, JS is award compensatory education for two years.

Plaintiffs be awarded court cost, attorneys' fees and cost to Plaintiffs.

**SO ORDERED.**

Dated _____          _____

**James Robertson**
United States District Judge